

**ORDERED in the Southern District of Florida on November 26, 2014.**

*[signature]*
Raymond B. Ray, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

MARIA D. SEGUI,

        Debtors.
_____/

Case No. 14-11033-RBR
Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF 201 SOUTHWEST 51ST PLACE, MIAMI, FL 33134, FREE OF LIENS, CLAIMS ENCUMBRANCES OR INTERESTS PURSUANT TO 11 U.S.C. §363; (II) APPROVING CONTRACT OF SALE; (III) APPROVING FORM AND MANNER OF NOTICE; AND (IV) APPROVING SURCHARGE OF COLLATERAL**

THIS CAUSE came on before the Court on November 19, 2014, at 9:30 a.m. (the *"Hearing"*) upon the *Trustee's Motion for an Order (i) authorizing the sale of 201 Southwest 51st Place, Miami, FL 33134, free of liens, claims encumbrances or interests pursuant to 11 U.S.C. §363; (ii) approving contract of sale; (iii) approving form and manner of notice; and (iv) approving surcharge of collateral* [ECF No. 57] (the *"Motion"*). The Court, having reviewed the Motion, having noted that no objections were filed, finding that notice is sufficient to comply with Fed. R. Bankr. P. 2002(a)(2), Local Rules 9013-1(D) and 6004-1 and any other applicable

1

notice requirement, and having heard the arguments of counsel, having determined that the relief requested in the Motion is in the best interest of the estate and appropriate under the circumstances, it is

FOUND and HELD that:

1. Based on its review of the certificates of service of the Motion and the notice of hearing on the Motion, the Court finds that proper, timely, adequate, and sufficient notice of the Motion and the sale has been provided in accordance with 11 U.S.C. § 102(1) and Fed.R. Bankr. P. 2002 and 6004. Specifically, the Court notes that the junior lienholders, the liens of which the Trustee seeks to sell the property at issue free and clear pursuant to 11 U.S.C. § 363(f), were served via certified mail, consistent with Fed. R. Bankr. P. 7004, but did not file an objection or response to the Motion.

2. Notice of the Motion and the Hearing is sufficient notice of the sale pursuant to Fed. R. Bankr. P. 6004.

3. A reasonable opportunity to object or to be heard by all parties in interest with respect to the relief requested in the Motion has been afforded to all known interested persons, and the Court finds that no requests to be heard or objections to the Motion were filed or made at the hearing.

4. The transaction described in the Motion and authorized by this final sale order reflects the proper exercise of the Trustee's sound business judgment, and constitutes a proper exercise of the Trustee's fiduciary duties.

5. Approval of the transaction contemplated in the Motion is in the best interests of the Estate. Good and sufficient business justification for consummating the proposed sale pursuant to 11 U.S.C. § 363 has been established in that, among other things: the sale process

conducted by the Trustee has been fair, open and reasonable, and it has given all known parties-in-interest the opportunity to submit higher and better offers.

6.    The Court finds that, upon, the Trustee's uncontradicted representation that the value of the property to be sold is approximately $240,000.00, and the first lien of PennyMac Corp. (*"PennyMac"*) secures an obligation of in excess of $635,000.00, the junior lienholders would be foreclosed without payment in a PennyMac foreclosure, and thus could be could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

7.    The Court also finds that, upon the representations of the Trustee, PennyMac has agreed to the relief sought in the Motion.

8.    Thus, the Court finds that the sale, at any price agreed to by, satisfies the requirements of 11 U.S.C. § 363(f)(2), (f)(4), or (f)(5).

It is therefore ORDERED as follows:

A.    The Motion is **GRANTED**.

B.    The Trustee is authorized to sell (the *"Sale"*) the property, more particularly described as

> **Property Address**:
>
> 201 Southwest 51st Place, Miami, FL 33134
>
> **Legal Description:**
>
> LOT(S) 7, OF FLAGLER SUN HOMES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE(S) 99, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA

(the *"Property"*), as set forth in the Motion.

C.    The Sale shall be pursuant to the terms of the *"AS IS" Residential Contract for Sale and Purchase* (the *"Contract"*) attached to the Motion as **Exhibit A**.

D.  The Sale shall be free and clear of all liens and encumbrances (with all liens to attach to the proceeds), including, without limitation:

a. The mortgage recorded in the Miami-Dade County Public Records on October 9, 2007 at Official Records Book 25976, Pgs 1309-1325.

b. The judgment of Providian National Bank recorded at Book 22279, Page 2443 of the official records of Miami-Dade County.

c. The judgment of Capital One Bank (USA), N.A., which is recorded at Book 28833, Page 0688 of the official records of Miami-Dade County.

E.  Pursuant to PennyMac's agreement, PennyMac's lien shall be surcharged $15,000.00 under 11 U.S.C. § 506(c). Thus, other than a $15,000.00 distribution to the Trustee, the net proceeds to the seller at the closing of the Sale (less any closing costs, brokerage fees, taxes, or other costs paid by seller) shall be distributed to PennyMac.

F.  This order is a final sale order and no further hearing or order shall be required to approve the sale to the ultimate purchaser. However, should the purchaser require an order specifically as to such purchaser, the Trustee may seek an amendment of this order by *ex parte* motion, solely to add the purchaser and purchase price to the order.

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Fla. Bar No: 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Trustee, Kenneth A. Welt*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:       (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.